IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | | |
|---|---|---|---|
| JASON CURRY AND<br>HOPE CURRY, | )<br>)<br>) | | |
| Plaintiffs, | )<br>) | | |
| vs. | ) | No. | 2:19-cv-04159-WJE |
| | ) | | |
| ACE AMERICAN<br>INSURANCE COMPANY,<br>A SUBSIDIARY AND AFFILIATE OF<br>THE CHUBB COMPANIES, | )<br>)<br>)<br>)<br>) | | |
| Defendant. | ) | | |

## DEFENDANT ACE AMERICAN INSURANCE COMPANY'S ANSWER, ADDITIONAL DEFENSES, AND JURY DEMAND

Defendant, ACE American Insurance Company ("AAIC"), by and through its attorneys, Christopher Brackman of Franke Schultz & Mullen PC, and James E. DeFranco of DeFranco & Bradley, for its answer, additional defenses and jury demand to plaintiffs' petition states as follows:

1. Defendant admits the allegations set forth in Paragraph 1 of plaintiffs' petition.

2. Defendant admits that it is engaged in the business of providing casualty insurance as a foreign insurer and is authorized to do business in the State of Missouri. To the extent that the remaining allegations set forth in Paragraph 2 set forth legal conclusions, no response is required. Defendant denies any remaining allegations of fact set forth in Paragraph 2 of plaintiffs' petition other than it is a corporation with its principle place of business in Pennsylvania.

3. To the extent that Paragraph 3 sets forth conclusions of law, no response is required. Defendant denies any allegation of fact set forth in Paragraph 3 of plaintiffs' petition that is inconsistent with Missouri law.

4. Defendant admits that it issued a policy of insurance to plaintiffs numbered Y09045077, states that the terms of the agreement were reduced to writing, and denies any allegation of fact set forth in Paragraph 4 of plaintiffs' petition that is inconsistent with the terms of the policy as they are interpreted by the court. Defendant denies that plaintiffs attached a complete copy of the policy to the petition and denies that Exhibit 1 constitutes a complete copy of the policy.

5. Defendant admits that it issued a policy of insurance, states that the terms of the agreement were reduced to writing and denies any allegation of fact set forth in Paragraph 5 of plaintiffs' petition that is inconsistent with the terms of the agreement as they are interpreted by the court.

6. Defendant admits that plaintiffs reported a loss on or about February 7, 2019, admits that the boat was partially submerged, admits that the damage caused by the water intrusion rendered it and the motors a total loss, but denies the remaining allegations set forth in Paragraph 6 of plaintiffs' petition.

7. Defendant admits that the policy of insurance set forth the limits of coverage, states that the terms of the agreement were reduced to writing and denies any allegations in Paragraph 7 of plaintiffs' petition that are inconsistent with the terms of the writing as they are interpreted by the court. Defendant admits that the boat suffered a total loss as that phrase is used in the industry.

8.  Defendant has insufficient knowledge to admit or deny the allegations set forth in Paragraph 8 of plaintiffs' petition except that it admits that once plaintiffs notified ACE of the claim, plaintiffs gave ACE full access to the boat and motors for the purposes of adjusting the claim.

9.  Defendant denies the allegations set forth in Paragraph 9 of plaintiffs' petition.

10. Defendant admits the allegations set forth in Paragraph 10 of plaintiffs' petition.

11. Defendant denies the allegations set forth in Paragraph 11 of plaintiffs' petition.

12. Defendant denies the allegations set forth in Paragraph 12 of plaintiffs' petition.

## ADDITIONAL DEFENSES

### First Additional Defense

A.  The policy provides, in pertinent part:

> **EXCLUSIONS: We do** not provide coverage under PART A: PROPERTY DAMAGE COVERAGE for any loss or resulting damage from:
> a. wear and tear, gradual deterioration, weathering, neglect, lack of reasonable care or due diligence in the maintenance of the **Insured Vessel;**
> . . .

B.  Plaintiffs failed to properly winterize the vessel and therefore the loss is excluded due to the insureds' neglect, failure to exercise reasonable care and/or due diligence in the maintenance of the insured vessel.

C.  Plaintiffs are excluded by the terms of policy from recovering for the loss.

### Second Additional Defense

A.  The policy declarations indicate that plaintiffs warranted that the vessel would be laid up between November 1 and March 1 of each year.

B.  The policy defines lay-up as follows:

Case No. 2:19-cv-04159-WJE
Page 3 of 6

Case 2:19-cv-04159-WJE   Document 9   Filed 08/13/19   Page 3 of 6

> **Lay-up** is defined as taking **your Insured Vessel** out of active service and decommissioning it for the period of time as shown on the Declarations page . . .

The policy also provides a Lay-up Warranty which provides in pertinent part:

> **Lay-up Warranty:** It is expressly warranted by **you** that the **Insured Vessel** will be in **Lay-up** and out of commission for the period of time shown on the Declarations Page. During the **Lay-up** period, the **Insured Vessel** must be maintained for the conditions reasonably expected during such period . . .

C. Plaintiffs failed to lay-up the vessel as they warranted and failed to maintain the vessel for the conditions reasonably expected during the lay-up period.

D. Plaintiffs are precluded from recovering under the policy based on their failure to lay-up the vessel beginning on November 1 and failing to maintain the vessel for the conditions reasonably expected during the lay-up period.

WHEREFORE, Defendant requests that the court enter judgment in its favor and against plaintiff and for an award of its costs of suit.

DEFENDANT DEMANDS TRIAL BY JURY OF EIGHT.

Respectfully submitted,

DeFRANCO & BRADLEY, P.C.


By: */s/James E. DeFranco*
    James E. DeFranco, #32830
    Brittany P. Warren, #68873
    141 Market Place, Suite 104
    Fairview Heights, IL 62208
    (618) 628-2000
    (618) 628-2007 Fax
    defranco@defrancolaw.com
    warren@defrancolaw.com

-and-

BY: */s/CHRISTOPHER A. BRACKMAN*
    Christopher A. Brackman    MO#56855
    Franke Schultz & Mullen, PC
    8900 Ward Parkway
    Kansas City MO 64114
    816-421-7100
    816-421-7915 FAX
    cbrackman@fsmlawfirm.com
    ATTORNEYS FOR DEFENDANT
    ACE AMERICAN INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August 2019, I electronically filed the aforesaid pleading with the Clerk of Court using the CM/ECF system which will send notification of such filings(s), as well as by email, to the following:

Michael G. Berry
Theodore L. Lynch
michaelberry@mgblaw.com
theodorelynch@mgblaw.com

James E. DeFranco
Brittany P. Warren
defranco@defrancolaw.com
warren@defrancolaw.com

                                             */s/Christopher A. Brackman*
                                             ATTORNEYS FOR DEFENDANT
                                             ACE AMERICAN INSURANCE COMPANY